contention of the relator that the imposition of this tax upon the capital of the relator employed in the purchase of this real estate will subject the property of the relator to double taxation can be considered, and taken as a ground for reversing the determination of the comptroller in this case. The power of the legislature to impose terms upon which foreign corporations may do business in this state is not disputed, and, under the authorities in this state and in the federal courts, cannot well be questioned, so long as they do not violate the federal constitution or law regulating interstate commerce. The court cannot, therefore, relieve the relator from this tax, on the equitable ground that it is a double taxation, so long as the use of its capital in this state makes it the subject of taxation by the comptroller, under the provisions of section 11 of chapter 501 of Laws of 1885. We are therefore of the opinion that the assessment made by the comptroller was correct, and should be confirmed. Assessment of comptroller confirmed, and writ of certiorari quashed, with $50 costs and disbursements to the respondent.

---

PEOPLE ex rel. SINGER MANUF'G CO. v. WEMPLE, Comptroller. (No. 3.)

(Supreme Court, General Term, Third Department.　May 8, 1894.)

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

---

(77 Hun, 478.)

## In re DE CAMP.

(Supreme Court, General Term, Fourth Department.　May 18, 1894.)

HIGHWAYS—DECISION OF COMMISSIONERS—REVIEW.
　　Under Laws 1890, c. 568 (Highway Law) § 89, providing that any party "may apply to the court appointing the commissioners for an order confirming, vacating or modifying their decision," and that, "if no such motion is made, the decision of the commissioners shall be deemed final," a confirmation of the decision of the commissioners is not appealable.

Appeal from Tompkins county court.

Application by Daniel De Camp to lay out a highway in the town of Lansing, and assessment of damages therefor. The application was granted, and Edwin B. Weeks, John H. Miller, and Elizabeth J. Miller appeal. Dismissed.

In May, 1893, Daniel De Camp signed and verified a petition to the commissioner of highways of the town of Lansing, in the county of Tompkins, asking to have laid out "a highway in said town, commencing about twenty-five rods east of Henry Houser's residence, at or near the foot of the hill, which proposed highway will pass through the lands owned and occupied by John H. Miller, Jane Miller, Dennis Kelly, William Patterson, Stephen Malone, Perry Ross, and Edwin Weeks. * * * This proposed highway runs in a northeasterly direction on the east bank of the creek or swamp, so called, to and connecting with the road leading to Locke, running in the same direction." In June, 1893, De Camp prepared a petition, which was addressed to the county court of Tompkins county, reciting a petition made to the commissioner, and stating that the commissioner had not laid out said highway, pursuant to section 89 of the highway law, and praying that three commissioners be appointed, pursuant to section 84 of the highway law, to determine upon the necessity of the proposed highway, and assess the damages by reason of laying out and opening said highway. On the 9th day of June the application was presented to the county court, the petition read, and, pursuant to section 84 of the highway law, three commissioners were appointed; and on the 14th of June a notice was prepared and signed by the applicant, stating the time and place where the commissioners would meet to hear the highway commissioner and all other persons interested, which was served, and a notice posted of the time and place for such meeting and hearing, and the parties appeared before the commissioners after the commissioners had, on the 13th day of June, 1893, taken an oath of office; and after hearing all parties interested, and taking all the evidence, the commissioners certified that in their opinion "it is necessary and proper that the highway be laid out and opened, pursuant to the said application of Daniel De Camp, dated the 25th day of May, 1893, and we have assessed the damages required to be assessed by reason of laying out and opening such highway as follows: John H. Miller and Jane Miller, $50.00; * * * Edwin Weeks, $70.00." Thereafter the appellants gave notice of a motion "to vacate and modify the decision of the commissioners herein." The motion was brought on to be heard at the county court on the 18th day of September, 1893, upon papers and affidavits prepared and used in the proceedings, and the several parties in interest were heard, and the court made an order which contained the following, to wit: "That the decision of said commissioners be, and the same is hereby, modified by assessing the damages to said John H. Miller and Elizabeth Miller, by the laying out of said highway, at the sum of one hundred dollars, and the said motion, except as the said decision is modified as above stated, is in all things denied, and said decision, as modified, is hereby confirmed." From that order the appellants, on the 23d of November, appealed to this court, and "from each and every part of said order, upon questions of fact, as well as upon questions of law, and will bring up for review the report of the commissioners which was dated July 11, 1893, and all other proceedings herein."

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

William W. Hare and T. E. Courtney, for appellants.
J. E. Cropsey, for respondent.

HARDIN, P. J. Chapter 568 of the Laws of 1890, known as the "Highway Law," contains the provisions under which the proceedings were prosecuted, and in section 89 it is provided that any party interested in the proceedings "may apply to the court appointing the commissioners for an order confirming, vacating or

modifying their decision, and such court may confirm, vacate or modify such decision. If the decision be vacated, the court may order another hearing of the matter before the same or other commissioners. If no such motion is made, the decision of the commissioners shall be deemed final. Such motion shall be brought on upon the service of papers upon adverse parties in the proceeding, according to the usual practice of the court in actions and special proceedings pending therein; and the decision of the county court shall be final, excepting that a new hearing may be ordered as herein provided. If the final decision shall be adverse to the applicant, no other application for laying out, altering or discontinuing the same highway shall be made within two years." No provision is found in the statute inconsistent with the idea that it was the intention of the legislature to provide, in an unqualified manner, that "the decision of the county court shall be final" unless that court shall order a "new hearing." Appellants have called our attention to In re Ryers, 72 N. Y. 1. In that case it was said that the act of 1869 gave an appeal on questions of law from the decision of the county judge to the supreme court, and that the act of 1871 gave a similar right of appeal. No such provision is found in the highway act. We should, therefore, follow the doctrine laid down in People v. Betts, 55 N. Y. 600. In re Swan, 97 N. Y. 492, is consistent with the views already expressed. We think the decision made by the county court was final, and that an appeal therefrom does not lie to this court. Appeal dismissed, with $10 costs and disbursements. All concur.