The People of the State of New York ex rel. Mary C. Hanford and Mary E. Hanford v. James A. Thayer and Others, Commissioners, etc.

*Review, under Code of Civil Procedure, § 2121, of an order appointing commissioners pursuant to sections 84 and 89 of chapter 568 of 1890 — power of a County Court upon a motion to confirm or vacate their report — purpose of a writ of certiorari — word "appeal" as used in Code of Civil Procedure, § 2122 — statute, when held to be unconstitutional — power to modify decision.*

An order appointing commissioners, pursuant to section 84 of chapter 568 of the Laws of 1890, to certify as to the necessity of altering a highway, if made by a court of record, cannot be reviewed, under the provisions of section 2121 of the Code of Civil Procedure, on the return to a writ of certiorari issued to review the proceedings of such commissioners.

The language of section 89 of chapter 568 of the Laws of 1890 is broad enough to empower the County Court, upon a motion to confirm or vacate the report of the commissioners, to review all the proceedings in the laying out of a highway after the granting of the order appointing the commissioners, whether such proceedings relate to the merits of the application or otherwise, and upon such motion the County Court may review all questions that can be brought before the Supreme Court by a writ of certiorari issued to review the proceedings of such commissioners.

Prior to the adoption of the present Code of Civil Procedure, a writ of certiorari could only be resorted to in cases where an appeal and other proper or appropriate remedies were not available.

The purpose of section 2122 of the Code of Civil Procedure is to deny the writ of certiorari, where the action of the inferior body can be adequately reviewed

by a court or some other body, or officer, either by a technical appeal or by a proceeding which, for the purpose of securing the desired review, is equivalent to an appeal, and the term "appeal" is there used in its broad sense, signifying a removal of a cause from a court of inferior to one of superior jurisdiction.

The court only holds a legislative act unconstitutional in plain and clear cases, and where a construction can be fairly adopted that sustains the validity of the act it will be adopted.

Section 89 of chapter 568 of the Laws of 1890 does not in terms provide that the court may modify any award of damages that may be made by the commissioners therein provided for, and the proper construction of the general terms there used, as to the right to modify the decision of the commissioners is, that the County Court can modify the decision only to the extent that the Constitution permits, and cannot make a modification that will violate the Constitution.

Under the provisions of section 2141 of the Code of Civil Procedure, the Supreme Court, upon the hearing had upon the return to a writ of certiorari, may make a final order annulling or confirming, wholly or partly, or modifying the determination reviewed as to any or all the parties.

CERTIORARI issued out of the Supreme Court and attested on the 26th day of November, 1894, directed to James A. Thayer, John W. Smith, 2d, and A. Castner Townsend, commanding them to certify and return to the office of the clerk of the county of Yates all their proceedings as commissioners in the matter of laying out a certain highway.

*William S. Briggs*, for the relators.

*M. A. Leary*, for the respondents.

WARD, J.:

Upon due application the County Court of Yates county on the 19th of June, 1894, appointed the respondents commissioners, pursuant to section 84 of the Highway Law (Chap. 568 of 1890), to certify as to the necessity of altering a highway in the town of Jerusalem, Yates county, which alteration consisted of opening a new road through the premises of the relators and others, and abandoning a portion of an old road as useless, and to assess the damages therefor. The commissioners, upon notice to the parties interested, examined the routes, heard the testimony and such reasons as were offered for and against the laying out or discontinuing of the highway, and assessed the damages, and made a certificate thereof in due form, which was filed in the county clerk's office

of Yates county with the minutes and evidence of their proceedings on the 19th day of October, 1894, and filed a duplicate of such decision in the town clerk's office of said town on the 18th day of October, 1894.

The papers before us contain the appointments of the County Court of Yates county, by which it appears that terms of that court for the hearing and decision of motions and appeals, and other proceedings without a jury, were appointed for the first Tuesday of several months in the year, among which were November and December. Various objections were taken by the relators to the proceedings, and the Special Term of this court, on the twenty-sixth of November, made an order directing the issuing of a certiorari, and a certiorari was issued which brings the subject before us.

The respondents meet us upon the threshold of this case with the objection that a certiorari does not lie to review these proceedings, because by section 2122 of the Code of Civil Procedure " a writ of certiorari cannot be issued in either of the following cases : *First,* to review a determination which does not finally determine the rights of the parties with respect to the matter to be reviewed ; *second,* where the determination can be adequately reviewed by an appeal to a court or to some other body or officer."

Section 89 of the Highway Law provides that " within thirty days after the decision of the commissioners shall have been filed in the town clerk's office any party interested in the proceeding may apply to the court appointing the commissioners for an order confirming, vacating or modifying their decision, and such court may confirm, vacate or modify such decision. If the decision be vacated the court may order another hearing of the matter before the same or other commissioners. If no such motion is made the decision of the commissioners shall be deemed final. Such motion shall be brought on upon the service of papers upon adverse parties in the proceeding according to the usual practice of the court in actions and special proceedings pending therein ; and the decision of the County Court shall be final excepting that a new hearing may be ordered as herein provided. If the final decision shall be adverse to the applicant, no other application for laying out, altering or discontinuing the same highway shall be made within two years."

The order appointing commissioners having been made by a court of record cannot be reviewed here (§ 2121 of the Code) ; therefore, if permitted to review at all, we are limited to the consideration of such matters as arose after the making of this order.

The language of section 89, above quoted, seems broad enough to empower the County Court, upon a motion to confirm or vacate, to review all the proceedings in the laying out of the highway after the granting of the order appointing the commissioners, whether those proceedings relate to the merits of the application or otherwise. In other words, the County Court can review any question that this court can upon this writ.

Prior to the adoption of the present Code the rule established in practice and by many cases was that the writ of certiorari could only be resorted to in case where an appeal or other proper and appropriate remedy was not available, and could not be resorted to unless necessary to obtain a review in cases where no other provision thereof was made by law. (Fiero on Spec. Proc. 107, and cases there cited.) There was conflict in the decisions as to just what this broad language meant and how far the prohibition extended, and the result was the legislation embraced in section 2122 of the Code. We think the purpose of this section was to deny the writ where the action of the inferior body could be adequately reviewed by a court or some other body or officer, whether by a technical appeal or by a proceeding which was equivalent to an appeal that secured the desired review. It was the *review* that the Legislature aimed at, and its purpose is accomplished as well by a motion bringing up the whole proceeding as by a direct appeal from the order.

An appeal is simply a "removal of a cause from a court of inferior to one of superior jurisdiction for the purpose of obtaining a review and retrial." (Bouvier's Law Dict.) And the Imperial Dictionary defines appeal as "In law, to remove ; as a cause from an inferior to a superior judge or court." In this broad sense the term appeal was used in the Code. The relators, therefore, had a complete and adequate remedy by bringing the record evidence and all the proceedings laying out this highway before the County Court. That court had the power to vacate those proceedings if any of the grounds of error alleged in the petition for this writ or that appear by the return before us were well taken.

The County Court was open and a term appointed for the first Tuesday of November, at which this motion could have been made and the review had before the court appointed by the statute to make the same, and this review of the County Court was a part of the scheme of the revision of the Highway Law in 1892 (G. L. chap. 19), and was undoubtedly intended to cut off the almost constant application to this court for writs of certiorari in highway cases.

The case before us is readily distinguished from *People ex rel. Titsworth* v. *Nash* (15 N. Y. Supp. 29), which holds in effect that under the Highway Law prior to the revision the order of a county judge confirming the report of commissioners appointed by him in proceedings to lay out a highway is not a final determination that could be adequately reviewed by appeal, and hence certiorari would lie.

In *The Matter of De Camp* (77 Hun, 478) the General Term of the fourth department held that the order of the County Court upon review of the proceeding to lay out a highway was final under section 89, above cited.

The learned judge holding the Special Term, at which this writ was granted, in his opinion seems to concur in the view here expressed, that the motion to review by the County Court is equivalent to an appeal as specified in the Code, but he concludes that the power of review given the County Court embraces the right to modify the assessment of damages made by the commissioners, and to that extent the act would violate the State Constitution (Art. 1, § 7), which requires the damages to be fixed by a jury or by not less than three commissioners appointed by a court of record, and, hence certiorari to this court is proper. The section (89 of the Highway Law) certainly does not *in terms* provide that the court may modify any award of damages that may be made by the commissioners, and the construction of the general terms used as to the right to modify the decision of the commissioners would be that the County Court could modify the decision only to the extent which the Constitution would permit and not make a modification that would violate the Constitution. The courts only hold a legislative act unconstitutional in plain and clear cases, and where, as in this case, a construction can be fairly adopted that sustains the validity of the law the courts do so.

By section 2141 of the Code of Civil Procedure this court, upon

the hearing of a certiorari, may make "a final order annulling or confirming, wholly or partly, or modifying the determination reviewed as to any or all of the parties." This is the same power substantially that is conferred, as we have seen, upon the County Court so far as the proceeding before it is concerned. The Supreme Court cannot modify the damages any more than the County Court under the Constitution ; therefore, in this respect, no additional relief can be given by this court under the writ than the County Court may grant in the review given by statute.

The relators have mistaken their remedy. They should have gone to the County Court under section 89. It becomes unnecessary, therefore, to examine the other questions raised upon this writ.

The writ of certiorari should be quashed, but without costs, as the question raised is new.

LEWIS and BRADLEY, JJ., concurred.

Certiorari quashed, without costs.