PEOPLE ex rel. DELAWARE, L. & W. R. CO. v. ONONDAGA COUNTY COURT et al.

(Supreme Court, Appellate Division, Fourth Department. April, 1896.)

CERTIORARI—PROCEEDINGS TO LAY OUT HIGHWAY—REVIEW.
    The decision of a county court or judge, confirming the report of commissioners appointed to determine the necessity of opening a highway, in proceedings instituted in that court, cannot be reviewed by certiorari.

Certiorari by the Delaware, Lackawanna & Western Railroad Company to review an order made by the county court of Onondaga county, confirming the report of commissioners appointed to determine the necessity of laying out and opening a highway in the town of Geddes, Onondaga county, through the lands of the relator, in and by which they found it was necessary to open such highway, and take relator's lands therefor. Writ dismissed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Benjamin Stolz, for relator.
F. B. Gill, for respondents.

GREEN, J. This court has decided that an order of the county court, confirming the report of commissioners appointed to lay out a highway under the highway law (Laws 1890, c. 568, § 82, as amended by Laws 1892, c. 686), cannot be reviewed by a writ of certiorari. People v. Thayer, 88 Hun, 136, 34 N. Y. Supp. 592. And in Beardslee v. Dolge, 143 N. Y. 166, 38 N. E. 205, the court remarked, incidentally, that "this rule of the common law, which treated the writ of certiorari as analogous to a writ of error, has

no application to our present statutory [highway] proceeding, where the writ of certiorari cannot issue to review a determination in a civil action or special proceeding by a court of record, nor a judge of a court of record."

In People v. Nash (Sup.) 15 N. Y. Supp. 29, it was held by the Fifth department that a writ of certiorari would lie to review an order of the county judge confirming the report of commissioners appointed to lay out a highway, under the provisions of the Revised Statutes. 2 Rev. St. (8th Ed.) p. 1377, § 72. The ground of the decision was that, since it was not "a special proceeding instituted in that court, or before a judge thereof, pursuant to a special statutory provision" (section 1357, Code Civ. Proc.), it was not subject to review by appeal, and therefore a writ of certiorari was the proper remedy.

The relator does not question but that the present proceeding was "instituted" in the county court. That being so, clearly the only remedy is by appeal. But this court has also determined, in view of the provision of section 89 of the highway law, which provides that "the decision of the county court shall be final, excepting that a new hearing may be ordered," that the right of appeal is taken away. Assuming, however, merely for the sake of argument, that this decision is erroneous, it does not help the relator. It is not thereby given the right to review a special proceeding, commenced or instituted in the county court, by the writ of certiorari. Consequently, the relator is not in a position here to question the decision, and the authorities cited in the brief presented are irrelevant. If the statute had not provided that the decision of the county court should be final, it is conceded that the only remedy would be by appeal. But because it is made final in this particular proceeding, and the remedy by appeal is taken away, therefore, it is argued, that a writ of certiorari must necessarily be warranted; in other words, that the decision of the county court may be final and conclusive in respect to one form of remedy, but not in respect to another, though both remedies are designed to accomplish substantially the same purpose. Such an argument is illogical, and unsatisfactory to the reason. Here the legislature has declared that the remedy for the review of all special proceedings instituted in a court of record shall be by appeal, but that the decision in a particular proceeding shall be final, and also declares that a writ of certiorari shall not be issued to review a determination in a special proceeding (section 2121, Code Civ. Proc.); and from these premises the conclusion is sought to be drawn that the legislature intended, without any conceivable reason, that this particular proceeding should be subject to review by a writ of certiorari. Why any such distinction should be made by the legislature passes all understanding, and, since the law-making power has not in any manner signified any such intention, we are not justified in imputing it to the legislature.

After careful examination of the sections of the Code relating to writs of certiorari and appeals, and the notes of the commission-

ers, we are convinced of the soundness of our decision upon this subject in People v. Thayer, supra, and we must adhere to it. See preliminary note to section 2120 and notes to sections 2120–2122; and see section 2146; also, preliminary note to section 1346.

The writ of certiorari should be dismissed, with costs against the relator. Writ of certiorari dismissed, with $50 costs and disbursements against the relator. All concur.