(7 App. Div. 482)          In re BARRETT et al.

In re DE CAMP.

(Supreme Court, Appellate Division, Fourth Department.  June 9, 1896.)

1. HIGHWAYS—DECISION OF COMMISSIONERS—REVIEW.
    Laws 1890, c. 568, § 94, provides that, where a proposed highway ex-
    tends from a town in one county to a town in an adjoining county,
    the highway commissioners of the two towns shall meet to consider
    the matter, and, if they cannot agree, they may certify that fact to
    the supreme court, and that court shall thereupon appoint three commis-
    sioners to determine whether the proposed road should be ·opened, and
    that, upon the coming in of such report, the court may .confirm, modify,
    or set aside the report in whole or in part.  Held, that the decision of the
    commissioners so appointed is appealable.  In re De Camp, 29 N. Y. Supp.
    99, distinguished.

2. SAME—JURISDICTION TO APPOINT COMMISSIONERS.
    Under Laws 1890, c. 568, § 94, providing that, where it is proposed to
    lay out a highway extending from one county to another, and the high-
    way commissioners of the two counties cannot agree, they may certify
    that fact to the court, which may thereupon appoint commissioners to
    determine the matter, the fact of the disagreement of the highway com-
    missioners is ·jurisdictional.

Appeal from special term, Onondaga county.

Application by Charles M. Barrett and Henry Hart to lay out
a highway partly in the town of Wilmurt, in the county of Herki-
mer, and partly in the town of Morehouse, in the county of Hamil-
ton, and to assess the damages.  From an order vacating the ·de-
cision of the three commissioners theretofore appointed, and ap-
pointing three new commissioners to determine as to the necessity
of the proposed highway, and to assess the damages, if the same
should be decided to be necessary, W. S. De Camp, a landowner, ap-
peals.  Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD,
and GREEN, JJ.

C. D. Adams, for appellant.

Devendorf & Smith, for respondents.

WARD, J.  The premises upon which the highway was sought
to be laid out in this proceeding are located in the counties of
Herkimer and Hamilton.  The special term of the supreme court,
on the 5th of June, 1895, made an order, upon the petition of Charles
M. Barrett, of the town of Wilmurt, Herkimer county, and Henry
Hart, of the town of Morehouse, Hamilton county, appointing three
commissioners to decide upon the necessity of the highway, and to
appraise the damages to be paid to the landowners through which
the highway passed, in case that they determined that such high-
way · was necessary.  The proposed highway passed through the
lands of the appellant herein, and he objected to the making of this
order, among other things, for the reason that, under the highway
law (section 94, c. 568, Laws 1890), the court had no authority to
appoint such commissioners, for the reason that it did not appear
that the commissioners of highways of the two towns in the said

two counties had met upon the subject of such highways, and disagreed in relation thereto, and that the fact of their disagreement had not been certified to the supreme court, as required by the said section of the highway law. The papers upon said motion did not disclose that this had been done, and the counsel for the respondents, in the argument of this appeal, admitted that no such meeting had occurred, nor certificate of disagreement been made.

That portion of section 94 which affects this question reads as follows:

"That when the commissioners of highways of any town * * * shall differ with the commissioners of highways of any other town * * * in the same county, relating to the laying out of a new highway * * * extending into both towns * * * or when commissioners of highways of a town in one county, shall differ with the commissioners of highways of a town * * * in another county, relating to the laying out of a new highway which shall extend into both counties, the commissioners of highways of both towns, * * * shall meet on five days written notice, specifying the time and place, within some one of such towns, * * * given by either of such commissioners, to make their determination in writing, upon the subject of their differences. If they cannot agree, they or either of them may certify the fact of their disagreement to the county court of the county, if the proposed highway is all in one county, or if in different counties, * * * to the supreme court; such court shall thereupon appoint three commissioners, freeholders of the county, not residents of the same town * * * where the highway is located; or if between two counties, then freeholders of another county, who shall take the constitutional oath of office, and upon due notice to all persons interested, view the proposed highway, * * * administer all necessary oaths, and take such evidence as they shall deem proper, and shall decide (subject to the approval of the court as hereinafter provided) all questions that shall arise on the hearing, as to the laying out * * * of such highway, its location, width, grade and character of road-bed, or any point that may arise relating thereto; and if they decide to open * * * such highway, they shall ascertain and appraise the damages, if any, to the individual owners and occupants of the land, through which such new highway is proposed to pass, and shall report such evidence and decision to such court, with their assessment of damages, if any, with all convenient speed. On the coming in of such report, the court may, by order, confirm, modify or set aside the report in whole or in part, and may order a new appraisal by the same or other commissioners, and shall decide all questions that may arise before it."

The court disregarded this objection, and appointed three commissioners. These commissioners examined the route of the proposed highway, and took testimony as to the necessity therefor, and assessed the damages of the landowners, and upon such proceeding, the appellant, by his counsel, appeared, and interposed an objection as to the jurisdiction of the court and the commissioners, as above stated. The commissioners disregarded the objection, and proceeded to obey the order appointing them, taking evidence, and making their report to the court, as required thereby. All three of these commissioners were residents of the county of Herkimer, but none of them resided in the town of Wilmurt. These commissioners reported the highway necessary, and assessed the damages to the landowners, and their report, with the proceedings had before them, were submitted to the supreme court, at the Onondaga special term, on the 19th of October, 1895, and the respondents moved for confirmation of the same, when the landowner, the

appellant herein, objected, among other things, that the court had not jurisdiction to confirm such report, by reason of the fact that the court appointing the commissioners had not obtained jurisdiction to do so, for the reason above stated, and for the further reason that the commissioners resided in the county of Herkimer, and, under the statute cited, they should all of them have resided out of the counties through which the highway passed. The learned judge at special term overruled the first objection, but sustained the objection as to the residence of the commissioners, and appointed new commission, to proceed as under the former order, members of which were nonresidents of the counties affected by the proposed highway. An order was made pursuant to such determination, and from that order an appeal was taken by the landowner, and in his appeal he seeks to bring up for review the first order appointing the commissioners, as well.

We consider it important only to pass upon the question of jurisdiction raised by this appeal. The respondents claim that the order of October 19th is final, and cite In re De Camp, 77 Hun, 478, 29 N. Y. Supp. 99. In that case it was held, under section 89 of the highway laws, that when an appeal was taken from the county court, (Tompkins county), in a highway proceeding upon the merits, the decision of the county court was final, and no appeal could be taken from this order. And the respondents also contend that, by section 96 of the highway law, the supreme court obtained jurisdiction, notwithstanding the failure of the highway commissioners to meet and certify, as required by section 94 of that law.

We cannot sustain either of these contentions. In the case cited, no question of jurisdiction of the county court arose. The proceeding was to lay out the highway in the county of Tompkins. The highway law imposes no such limitation upon the right of appeal from the special term of the supreme court, as in the case of the county court. Sections 1356 and 1358 of the Code of Civil Procedure authorize this appeal. Section 96 of the highway law, after providing for the service of notice, upon an application to lay out a highway in two or more towns, upon the commissioners of each town, provides:

"That the commissioners appointed by the court shall determine the amount of damages to be paid of each town, and when the towns are in different counties, the applications for the appointment of commissioners shall be made to a special term of the supreme court, held in the district where the highway, or some part of it, is located; and the same proceeding shall thereafter be had in the supreme court of such district, and as are authorized by this chapter to be had in the county court."

This section must be construed in connection with section 94, above quoted. The legislature in 1890 made a thorough revision of the highway laws upon the subject of laying out, altering, and discontinuing highways, and cast the primary duty upon the commissioners of highways of the towns through which the proposed highway is to pass, in case the highway passes through different towns or counties; of determining important questions preliminary to the application to the court for the appointment of commissioners. Sec-

tion 94 plainly requires the meeting of these town commissioners, and their certificate of disagreement, in cases where the proposed highway passes through different towns of the same county, and also in cases where it passes through different counties. In the former case, the application, as we have seen, for the appointment of commissioners, must be made to the county court; in the latter case, for obvious reasons, to the supreme court. This makes the action of the local commissioners and their certificate of disagreement jurisdictional. The county court, in the one instance, and the supreme, in the other, obtains no right to appoint commissioners, unless such meeting occurred, and the certificate is presented. Section 96 does not conflict with section 94. Its provisions are simply for the purpose of carrying out in detail, and in substantial action, the requirements of section 94.

We have reached the conclusion that the objection to the jurisdiction of the special term we have considered is fatal, and that the orders, as appealed from, should be reversed, but without costs to either party. All concur.