In the Matter of the Application of CHARLES E. TAYLOR and JAMES
    E. ALLEN for a Writ of Certiorari to Review the Determination
    of Commissioners to Examine as to the Necessity of Laying Out a
    Highway in the Towns of Turin and West Turin.

ISAAC L. SMITH and WALTER H. MILLARD, Appellants; CHARLES E.
        TAYLOR and JAMES E. ALLEN, Respondents.

*When the decision of the County Court upon a report of commissioners laying out a*
*highway is final.*

The decision of a County Court confirming the report of commissioners appointed
    to lay out a highway under the provisions of chapter 568 of the Laws of 1890
    is final and cannot be reviewed by a writ of certiorari.
This is so whether such highway be created in one or in two or more towns in
    the same county.
If it be held that, in the latter case, the statute of 1890 is inapplicable, the writ of
    certiorari would still be improper, as in that event the remedy would be by
    appeal.

APPEAL by Isaac L. Smith and another from an order of the
Supreme Court, made at the Onondaga Special Term and entered
in the office of the clerk of the county of Lewis on the 3d day of
February, 1896, denying their motion to vacate and dismiss a writ
of certiorari, granted at the Herkimer Special Term December 9,
1895, and returnable at the General Term of the Supreme Court in
the fourth department.

Upon the 3d day of September, 1894, Isaac L. Smith, an inhabit-
ant of the town of Turin, in the county of Lewis, and Walter H.
Millard, an inhabitant of the town of West Turin, in the same
county, both of them being liable to be assessed for highway labor
in their respective towns, made application in due form to the
County Court of the county of Lewis for the laying out of a high-
way over and upon certain premises described in such application,
the same being within the two above-mentioned towns.

Thereupon commissioners were duly appointed by the County
Court, before whom a hearing was had; and thereafter such com-
missioners determined that the proposed highway was necessary,
and duly filed their determination and report, which contained
their assessment of damages made necessary by reason of the laying
out of the same.   The usual motion to confirm the report of the

commissioners was then noticed for the County Court of Lewis county, which notice was duly served upon all of the parties interested in the proceeding; and, after a hearing in the County Court, where the motion was opposed by one or both of the relators herein, the report of the commissioners was, in all things, confirmed by an order bearing date the 25th day of June, 1895.

Thereafter, the relators feeling dissatisfied with the decision of the County Court, applied to the Supreme Court for a writ of certiorari to review the decision of the County Court of Lewis county, which application was granted upon the 9th day of December, 1895, and thereupon the respondents moved at Special Term to vacate such writ, which motion was denied, with ten dollars costs; and from the order denying the same this appeal is brought.

*Walter Ballou*, for the respondents.

*H. H. Ryel*, for the appellants.

ADAMS, J.:

This court has very recently had occasion to hold that the decision of a County Court confirming the report of commissioners appointed to lay out a highway, under the provisions of chapter 568 of the Laws of 1890, and the amendments thereto, is final, and cannot be reviewed by a writ of certiorari. (*People ex rel., D., L. & W. R. R. Co.* v. *County Court of Onondaga County*, 4 App. Div. 542.) The relators in this action endeavor to evade this decision by claiming that the proceeding is one which was instituted under section 96, instead of section 83, of the Highway Law. But we are unable to perceive the force of this contention. Section 83 and the immediately following sections are designed to point out the initiatory steps in all proceedings to lay out a new highway; section 89 provides for a review of such proceedings in the County Court, and that the determination of that court, upon such review, shall be final; section 96 simply directs that, where a proposed highway shall run through two or more towns, the commissioners of highways of each town shall have notice of all proceedings taken to lay out the same; and further, that, where such towns are in different counties, the application for the appointment of commissioners shall be made to a Special Term of the Supreme Court, instead of to the County

Court. But the last clause of this section explicitly declares that, in the latter case, the same proceedings shall thereafter be had in the Supreme Court as are authorized in this chapter to be had in the County Court. So that, as we view the statute, it was clearly the intention of the Legislature to make the review of proceedings for the laying out of a highway by the County Court, final, without respect to the question whether such highway was located in one or more towns, provided it did not extend into an adjoining county.

But, however this may be, we think that the writ of certiorari was unauthorized, in any event ; for if, as we have shown, the statute of 1890 is applicable to this case, then the decision of the County Court of Lewis county was final, and not subject to review in this court. But, on the other hand, if, as contended by the relators, such decision was not final, then the writ was not available, for they had their remedy by appeal. (Code Civ. Proc. § 2122 ; *People ex rel. Hanford* v. *Thayer*, 88 Hun, 136 ; *People ex rel. D., L. & W. R. R. Co.* v. *County Court of Onondaga County, supra.*)

We think that the order appealed from should, therefore, be reversed, and the writ dismissed, with costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and the writ of certiorari dismissed, with fifty dollars costs and disbursements against the relators.