(8 App. Div. 395)

PEOPLE ex rel. TAYLOR et al. v. TURNER, County Judge, et al.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

CERTIORARI—PROCEEDING TO LAY OUT HIGHWAY—REVIEW.

The decision of the county court confirming the report of commissioners in a proceeding to open a highway cannot be reviewed on certiorari, whether the proposed highway is located in one town, or in several towns. People v. Onondaga County Court, 38 N. Y. Supp. 920, 4 App. Div. 542, followed.

Appeal from special term, Onondaga county.

Certiorari by Charles E. Taylor and James E. Allen to review the determination of Henry E. Turner, county judge of Lewis county, and others, in relation to the laying out of a highway. From an order denying a motion by defendants to dismiss the writ, defendants appeal. Reversed.

Upon the 3d day of September, 1894, Isaac L. Smith, an inhabitant of the town of Turin, in the county of Lewis, and Walter H. Millard, an inhabitant of the town of West Turin, in the same county, both of them being liable to be assessed for highway labor in their respective towns, made application in due form to the county court of the county of Lewis for the laying out of a highway over and upon certain premises described in such application, and the same being within the two above-mentioned towns. Thereupon commissioners were duly appointed by the county court, before whom a hearing was had, and thereafter such commissioners determined that the proposed highway was necessary, and duly filed their determination and report, which contained their assessment of damages made necessary by reason of the laying out of the same. The usual motion to confirm the report of the commissioners was then noticed for the county court of Lewis county, which notice was duly served upon all of the parties interested in the proceeding; and after a hearing in the county court, where the motion was opposed by one or both of the relators herein, the report of the commissioners was in all things confirmed by an order bearing date the 25th day of June, 1895. Thereafter the relators, feeling dissatisfied with the decision of the county court, applied to the supreme court for a writ of certiorari to review the decision of the county court of Lewis county, which application was granted on the 9th day of December, 1895; and thereupon the respondents moved at special term to vacate such writ, which motion was denied, with $10 costs, and from the order denying the same this appeal is brought.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

H. H. Ryel, for appellants.
Walter Ballou, for respondents.

ADAMS, J.   This court has very recently had occasion to hold that the decision of a county court confirming the report of commissioners appointed to lay out a highway, under the provisions of chapter 568 of the Laws of 1890, and the amendments thereto, is final, and cannot be reviewed by a writ of certiorari.   People v. Onondaga County Court, 4 App. Div. 542, 38 N. Y. Supp. 920. The relators in this action endeavor to evade this decision by claiming that the proceeding is one which was instituted under section 96, instead of section 83, of the highway law.   But we are unable to perceive the force of this contention.   Section 83 and the immediately following sections are designed to point out the initiatory steps in all proceedings to lay out a new highway.   Section 89 provides for a review of such proceedings in the county court, and that the determination of that court, upon such review, shall be final.   Section 96 simply directs that, where a proposed highway shall run through two or more towns, the commissioners of highways of each town shall have notice of all proceedings taken to lay out the same; and, further, that, where such towns are in different counties, the application for the appointment of commissioners shall be made to a special term of the supreme court, instead of to the county court.   But the last clause of this section explicitly declares that in the latter case the same proceedings shall thereafter be had in the supreme court as are authorized in this chapter to be had in the county court.   So that, as we view the statute, it was clearly the intention of the legislature to make the review of proceedings for the laying out of a highway by the county court final, without respect to the question of whether such highway was located in one or more towns, provided it did not extend into an adjoining county.   But, however this may be, we think that the writ of certiorari was unauthorized in any event; for if, as we have shown, the statute of 1890 is applicable to this case, then the decision of the county court of Lewis county was final, and not subject to review in this court.   But, on the other hand, if, as contended by the relators, such decision was not final, then the writ was not available, for they had their remedy by appeal.   Code Civ. Proc. § 2122; People v. Thayer, 88 Hun, 136, 34 N. Y. Supp. 592; People v. Onondaga County Court, supra.   We think the order appealed from should therefore be reversed, and the writ dismissed, with costs.

Order reversed, with $10 costs and disbursements, and the writ of certiorari dismissed, with $50 costs and disbursements against the relators.   All concur.