THE TOWN COUNCIL OF THE TOWN OF NEWARK *v.* BENJAMIN ELLIOTT, GILBERT BRADY AND SAMUEL WINEGARNER.

By an act of the Legislature of 1849, the town council of the town of Newark was authorized to subscribe to the stock of the Newark Plank Road Company not more than $10,000, and to issue bonds in payment of the stock, payable at such times, not exceeding ten years, and for such amounts, as the council might determine, bearing interest, payable annually, at the rate of seven per cent. per annum; and the town council was authorized to *sell* and transfer the stock, so soon as could be, at *par.* Held:

That the par value of the stock is an amount equal to the amount of stock subscribed.

That a sale of such stock, by which the purchaser is bound to pay the bonds of

$10,000 and interest, given by the town of Newark for the $10,000 stock, is a sale of such stock at its par value.

'That when there is no restraining clause in the charter of a corporation, it may dispose of any property which it has the right to acquire.

That the town council of the town of Newark is restrained from selling the plank road stock for less than the par value ; but it may sell the stock on *credit*, provided the sales amount to the par value of the stock.

Where a corporation issues its own bonds, payable at a future day, with seven per cent. interest thereon, payable semi-annually, when by law it was authorized to make the interest payable annually only, the person who contracts with the corporation, for a valuable consideration, to redeem such bonds, cannot avoid his own contract upon the ground that the corporation exceeded its authority in making the interest on such bonds payable semi-annually instead of annually.

If the object of the purchaser of this stock was to obtain the control of the stock of the plank road company, and thereby improperly use the provisions of the charter of the plank road company for the purpose of issuing and putting in circulation, as money and currency, the notes of the company payable to bearer, in violation of law, and such fact at the time of sale was known to the town council of the town of Newark, and it made the sale for the *purpose of enabling* the purchaser to carry out such illegal purpose, and the purchaser was, by such sale, enabled more effectually to carry out his intention, and he did in fact do so, the sale of the stock was illegal and void.

ACTION of debt on penal bond.  Reserved in the District Court of Licking county.

This is an action upon a bond in the penal sum of $20,000 given to the plaintiff on the 3d of May, 1851, by A. J. Smith, as principal, and the defendants as his sureties, conditioned that said Smith should pay the principal and interest thereafter to become due on certain bonds that had been issued by the plaintiff, by virtue of the authority contained in the act of March 14, 1849, (47 Ohio Local Laws 26,) sections one, two, and three of which read as follows :

" SECTION 1.  *Be it enacted by the General Assembly of the State of Ohio*, That the town of Newark, in its corporate capacity, may subscribe to the capital stock of the Newark Plank Road Company any sum not less than three nor more than ten thousand dollars, under the provisions hereinafter contained, and the town council of the town of Newark are hereby empowered to issue bonds in payment of the stock so subscribed, payable at

such times as said council may deem expedient, not exceeding ten years, and for such amounts as said council may in its discretion determine for each bond.

" SEC. 2.    Whenever twenty or more of the legal voters of said town shall petition the mayor thereof for that purpose, it shall be his duty to give notice to the electors of said town, by publication in the newspapers printed therein, at least twenty days prior to the day specified, to meet at the usual place of holding the elections in said town, and determine by ballot whether the said town council shall make said subscriptions ; at which time and place those in favor of said subscription shall vote ' for subscription,' and those against it ' no subscription ' ; and if, on the counting of said ballots, a majority be found in favor of the same, the said town council shall make said subscription as provided in the first section of this act, and shall cause bonds, bearing interest payable annually at the rate of seven per cent. per annum, to be issued, signed by the mayor, and countersigned by the recorder, for an aggregate sum equal to said subscription.

" SEC. 3.    That said town council are hereby authorized to sell and transfer the stock so subscribed, so soon as it can be sold at par, or at any time after, provided it can be sold at its par value."

The declaration sets forth the making of the bond and the recitals contained therein, whereby it is alleged that said Smith had purchased of the plaintiff two hundred shares of fifty dollars each of the Newark Plank Road Company at par, and which had at even date with the bond been transferred to said Smith, and that in consideration thereof, Smith had agreed to pay and indemnify plaintiff against its liability to pay nine bonds given by plaintiff to the Newark Plank Road Company for $1,000 each, dated May 1, 1850, and payable to bearer, January 1, 1860, at the office of the Ohio Life Insurance and Trust Company in New York, with seven per cent. interest, payable semi-annually ; and also two hundred other bonds, for five dollars each, issued by plaintiff, dated May 1, 1850, and payable to bearer, part in five, part in six, and part in seven years from date, with seven per

cent.. interest, payable annually ; that the interest had been paid on the nine $1,000 bonds to the first day of January, and the two hundred $5 bonds to the first day of May next preceding the said sale ; that all said bonds had been given by plaintiff to said plank road company in payment for said stock ; and that it was thereby provided that if Smith should pay all said bonds and the interest thereafter to become due, according to the tenor of the bonds, and should also indemnify plaintiff against its liability therefor, and against all costs, charges and troubles which might arise from his (Smith's) failure to pay, then said bond to be void, etc. The breaches are assigned in the declaration, and are the non-payment of the interest due in January and July, 1852, on the nine $1,000 bonds.

To this declaration, defendants Elliott and Brady plead separately.

No defense is made by defendant Winegarner.

Elliott pleads *non est factum*, and nine special pleas.

Elliott's *second* plea (being his first special plea) alleges that plaintiff is the municipal authority of the town of Newark—that at the date of the bond in suit, and ever since, the Newark Plank Road Company has been a body corporate in the county of Licking—that by an act of the General Assembly, passed March 14, 1849, plaintiff was authorized to subscribe for $10,000 of the stock of said plank road company, for and on behalf of said town, provided a majority of the voters of the town should vote in favor thereof, and " to sell and transfer the stock so subscribed, so soon as it could be sold at par, or at any time after, provided it could be sold at its par value,"—that plaintiff subscribed for the $10,-000 of stock, and the town became owners thereof—that plaintiff sold the stock to Smith in consideration of the bond in suit, and executed and delivered to him a paper purporting to transfer the stock, and which was apparently sufficient therefor—that plaintiff had no power to sell for that consideration, and that therefore the bond in suit is void, for want of consideration.

The *third* plea of Elliott is similar to the second, except that it alleges that the bond in suit was delivered by defendants to Smith to be delivered to plaintiff upon the transfer by plaintiff to

Smith of the title to the stock, of which condition the plaintiff had notice—that Smith delivered the bond without having obtained the title, because plaintiff had no power, for such a consideration, to sell the stock, and that therefore plaintiff wrongfully obtained the bond.

The *ninth* plea of Elliott alleges that the two hundred shares of stock named in the declaration, are the same which were subscribed by plaintiff under the act of March 14, 1849—that the par value of the stock was fifty dollars per share, amounting to $10,000—that the value of the said ten thousand dollars of bonds which Smith agreed to pay, was less than the said par value of said stock, not being worth more than ninety cents on the dollar, or $9,000—that, therefore, plaintiff had no power to make the said sale, and that the bond in suit is therefore void, for want of consideration.

To each of these pleas the plaintiff demurs, for the following causes:

1. That no cause is shown why the sale is not valid.

2. That the pleas disclose a sale at par.

3. That plaintiff had authority to sell, irrespective of the act of March 14, 1849.

4. That the sale was good, and the bond valid, even if plaintiff did not pursue the directions of the statute.

5. That it is not averred that Smith lost or had tendered back the stock, although the declaration and plea aver that it had been delivered to him.

The *fourth* plea of Elliott avers that the person who acted *as agent* for the plaintiff, in effecting the transfer, was not authorized.

This plea is said to be defective, because the declaration shows that the *transfer* was ratified by the plaintiff, and the question of authority in the agent is, therefore, an immaterial issue. It is also said to be defective in not alleging a restoration or eviction of the stock.

The *fifth* plea of Elliott alleges that the said town of Newark made the two hundred bonds of five dollars each, named in the declaration, in the form and similitude of bank bills, and put the

same in circulation as money and currency, without authority of law, and contrary to the restraining act of 1845.

The *sixth* is the same, except that it alleges an *attempt* to put in circulation, instead of an actual putting in circulation.

The *seventh* plea alleges, in substance, that said town of Newark, the plaintiff, and said plank road company, being incorporated companies, yet none of them having banking powers, it was agreed by and between the plaintiff and said company, that the plaintiff should be suffered to subscribe to and take said stock, for which the plaintiff on its part should, in addition to making and delivering to plaintiff five $1,000 bonds like those described in the declaration, also make and deliver one thousand $5 bonds like those described in the declaration, and which plaintiff should cause to be made in the similitude of bank notes—it being the design of said company to put or attempt to put the same in circulation as such—which said agreement was carried out by plaintiff, thus obtaining said stock, and making and delivering as agreed said $1,000 and $5 bonds, which last the plaintiff thereupon attempted to circulate as money. And it is also charged that the plaintiff had notice of such design of said company, and so made said five dollar bonds in order to enable said company to carry out its design. It is then alleged that this contract was in violation of the act of 1845 prohibiting unauthorized banking, and therefore illegal and void ; and the bond in suit, being made in aid and in execution of said 'illegal contract, is itself illegal and void.

These pleas are also demurred to, and for the following causes :

1. That the bond in suit is wholly disconnected from the illegal act set forth, founded on distinct considerations, and not intended or calculated to carry out any illegal purpose.

2. That even if the five dollar bonds were put, or attempted to be put in circulation, contrary to the restraining act of 1845, still plaintiff is bound to pay them, and might lawfully provide therefor.

3. That the defendants being *third* persons and *strangers* to

the alleged illegal transaction, can not set it up as a defense to their contract.

4. That the pleas do not disclose a defense to the whole bond in suit, if they do to any part of it; and do not at all answer the breaches set forth in the declaration.

The *eighth* plea of Elliott alleges that the nine bonds for one thousand dollars each, mentioned in the declaration, were issued by plaintiff under the authority conferred by the second section of the act of March 14, 1849, which provided that plaintiff might subscribe to the stock, and pay therefor by issuing its bonds bearing seven per cent. interest, payable annually ; whereas the bonds are in fact made to bear that rate of interest payable semi-annually.

This plea is also demurred to, and for the following causes :

1. That the facts set forth do not show the bonds to be void.

2. That if void in their inception, they would be valid in the hands of innocent holders, and plaintiff might provide for their payment.

3. That no third person can collaterally set up their invalidity.

Brady pleads *non est factum,* and ten special pleas in bar. His *second* plea is in substance the same as the second plea of Elliott, except that, in addition to the alleged defects of that, it is demurred to for duplicity. The *third, fourth* and *fifth,* are demurred to, for the same reasons as the fourth plea of Elliott. The *sixth* and *seventh* are the same as the fifth and sixth of Elliott. The *eighth* is substantially like the seventh of Elliott. The *ninth* alleges that the sole consideration of the bond in suit, was the sale to Smith of the stock aforesaid ; that the sole intention of Smith, who already owned most of the stock, in making the purchase, was to obtain the control of the Newark Plank Road Company, and under pretense of its powers, and illegally using it as a bank, to issue and put in circulation as money, in violation of the laws of the State, notes payable to bearer, etc. ; that at the time of the transfer of the stock, plaintiff knew of such illegal design of Smith, and made the transfer to enable Smith to effect the same, and that, after obtaining control, Smith did issue and put in circulation in this State, notes, etc.

To this *ninth* plea, the plaintiff demurs, and for causes assigns the following :

1. The unlawful intent is stated to have been with Smith only.

2. It is not averred that plaintiff's sole or chief object was to aid Smith to carry out his unlawful design, or that the sale was collusively made for that purpose.

3. It is not averred that Smith's intent was to " make and put in circulation," etc.

4. It is not averred that plaintiff's intent was to " *aid and assist*" Smith in the unlawful act.

5. It is not averred in what way Smith intended to act as a bank.

6. It is not averred that the intent was to act as a bank, or issue and circulate, etc., in this State.

The *tenth* is a plea of *non damnificatus*. To this plea the plaintiff demurs, because it does not answer the breach that defendants have not *paid* the interest on the $1,000 bonds.

Brady's *eleventh* plea is like the eighth of Elliott.

*Buckingham & White*, for plaintiff.

*L. Case*, and *H. H. Hunter*, for defendant Elliot.

*Charles Follett*, for defendant Brady.

KENNON, J., delivered the opinion of the court.

By an act of the Legislature of 1849, the town council of the town of Newark was authorized to subscribe to the stock of the Newark Plank Road Company not more than $10,000, and to issue bonds in payment of the stock, payable at such *times*, not exceeding ten years, and for such amounts, as the council might determine, bearing interest payable annually, at the rate of seven per cent. per annum ; and the town council was authorized to *sell* and transfer the stock, so soon as it could be sold at *par*. Held :

That the par value of the stock is an amount equal to the amount of stock subscribed.

That a sale of such stock, by which the purchaser is bound to pay the bonds of $10,000, and interest, given by the town of Newark for the $10,000 stock, is a sale of such stock at its par value.

That where there is no restraining clause in the charter of a corporation, it may dispose of any property which it has the right to acquire. That the town council of the town of Newark is restrained from selling the plank road stock for less than the par value, but it may sell the stock on *credit,* provided the sales amount to the par value of the stock.

Where a corporation issues its own bonds, payable at a future day, with seven per cent. interest thereon, payable semi-annually, when by law it was authorized to make the interest payable annually only, the person who contracts with the corporation for a valuable consideration to redeem such bonds, cannot avoid his contract upon the ground that the corporation exceeded its authority in making the interest on such bonds payable semi-annually instead of annually.

If the object of the purchaser of this stock was, to obtain the control of the plank road company, and thereby improperly use the provisions of the charter of the plank road company for the purpose of issuing and putting in circulation, as money and currency, the notes of the company payable to bearer, in violation of law, and such fact at the time of sale was known to the town council of the town of Newark, and it made the sale for the *purpose of enabling* the purchaser to carry out such illegal purpose, and the purchaser was, by such sale, enabled more effectually to carry out his intention, and he did in fact do so, the sale of the stock was illegal and void.

The demurrers to all the pleas of Elliott are sustained, and also the demurrers to all the pleas of Brady, except the *ninth,* as to which the demurrer is overruled, and the cause remanded to the district court for further proceedings.