JOHNSON v. SUPERVISORS OF CLAYTON COUNTY.

1. **Highway:** ESTABLISHMENT OF: PUBLIC UTILITY. Where it was objected to the establishment of a highway that it was of no public utility, because it furnished egress only to one who objected to its establishment, *held* that, as he was liable to be summoned as a witness or a juror, he had no right to render himself inaccessible, and that, on that ground alone, the road was properly considered to be of public utility.

2. ———: ———: CONSTRUCTION OF PETITION FOR. A petition prayed for a road running from the Giard road westward, beginning at the south-east corner of lot 63. In the commission, the initial point was described as seven and one-half chains west of said south-east corner; and in the road established such is the initial point. Since the Giard road was in fact seven and one-half chains west of said south-east corner, *held* that there was no error in construing the petition as asking for a road beginning at the intersection of the south line of lot 63 with the Giard road.

3. ———: ———: IRREGULAR ACTION OF APPRAISERS: PRACTICE ON *certiorari*. The court may, in its discretion, refuse the writ of *certiorari*, where it is sought to correct a mere irregularity, not shown to have resulted in prejudice. So the action reviewed on such writ will not be set aside for such irregularity only. It was accordingly *held* that the act of defendants in establishing a highway was properly affirmed, although one of the appraisers failed to appear at the appointed time, and the others, instead of having the vacancy filled, as provided by section 943 of the Code, postponed action for two days, to secure the attendance of the third—there being no showing of any prejudice to plaintiff on account of such irregularity.

*Appeal from Clayton Circuit Court.*

WEDNESDAY, JUNE 6.

ACTION of *certiorari* to test the legality of the proceedings of the defendant board of supervisors in establishing a public highway. The circuit court affirmed the proceedings of the board, and the plaintiff appeals.

*Stoneman & Chapin*, for appellant.

*Noble & Updegraff* and *Robert Quigley*, for appellees.

ADAMS, J.—I. The illegality is alleged to consist, among other things, in the fact that the road was adjudged to be of public utility, whereas in fact it was not. The plaintiff claims to be aggrieved because the road runs through his land, though he has been allowed his damages as the law provides.

1. HIGHWAY: establishment of: public utility.

One question discussed with much learning and ability by counsel is as to whether, if there was any evidence before the board tending to show that the road was of public utility, their finding can be reviewed in this proceeding. The counsel for appellant contend that it can; that the whole matter is open to be determined *de novo* according to the preponderance of the evidence brought before us. Whether their position can be sustained we need not determine. If we should concede that they are correct, we should be of the opinion that the board of supervisors did not err.

The case is a peculiar one. The plaintiff's farm consists, as we infer from the plat shown us, of a little more than one hundred and sixty acres. The petitioner for the road apparently most interested is one Crimmins. He owns land adjacent on the east of the plaintiff, and also land adjacent on the west of him. He lives on the easterly part. The public road nearest to him, called the Giard road, runs in a northerly and southerly direction, not very far from his house,

but somewhat east of it. The road in question starts from that road and runs westerly near his house and through the plaintiff's land to the plaintiff's west line, which line is the east line of Crimmins' westerly tract. The peculiarity of the case consists in the fact that the plaintiff, without the road in question, practically has no road. No public road touches his land, except that the Giard road, as described on the plat, bearly touches the south-east corner. The plaintiff's residence is near his north line. It is not claimed by him that he has any practicable egress where his south-east corner touches the Giard road. In enumerating his ways of getting out, he does not mention this. He has, then, virtually segregated himself. The road sought to be established runs centrally through his land, within, as we judge, about twenty rods of his house, and connects with the Giard road. He resists the establishment of the road on the ground that, as its west end does not terminate in a public road, it must be deemed a private road.

As to the character of the road, it is shown that Crimmins needs a part of it to reach the Giard road, and the other part to reach his westerly tract, where he contemplates building and residing; that the plaintiff and a tenant would naturally use a part of it to reach the Giard road, and that some others living farther west, by getting across over private ground, could advantageously use the whole. But, to our mind, the more important consideration is that the public is entitled to the road to reach the plaintiff. He is liable to be summoned as a witness or to sit on a jury. The law cannot hold that it is any citizen's right to render himself inaccessible. This road being the only road between the plaintiff and the public, it may properly, we think, be deemed a public road.

II. A road was petitioned for as running from the Giard road to lot 71, beginning at the south-east corner of lot 63. 2. ——: ——: *construction of petition for.* In the commission, the initial point was described as seven and one-half chains west of the south-east corner of lot 63. In the road established such is the initial point. The plaintiff contends that in this there was illegality.

The petitioners evidently supposed that the south-east corner of lot 63 was a point in the Giard road. This appears on the face of the petition. But the Giard road ran seven and one-half chains farther west. It was impossible to begin both at the Giard road and at the corner. The only practical construction which could be put upon the petition, consistent with its language, was to make the initial point the point of intersection between the Giard road and the south line of lot 63. In so construing the petition we think there was no error.

III. On the day fixed for the meeting of the appraisers —: ——: only two convened. They postponed action for two days on account of the absence of the third one. The plaintiff contends that in this there was illegality.

*3 ——: ——: irregular action of appraisers: practice on certiorari.*

In case of the failure of one or more appaisers to meet on the day appointed, the Code provides for the appointment of others. Section 943. The principal object probably was to avoid delay. But in this case the report was made and filed in time, and no prejudice is shown. Possibly it was the plaintiff's right to know the day of appraisement, and to be present if he chose. But we cannot presume that he did not know it, or could not have discovered it if he had tried. He may, indeed, have been present for aught the record shows. Where the writ of *certiorari* is sought to correct a mere irregularity not shown to have resulted in prejudice, the court may, in its discretion, refuse it. In *Duggen v. McGruder*, 12 Am. Decisions, 530, note, it is said: "The writ is to be refused, or, if improvidently granted, is to be quashed, unless substantial justice and equity will be promoted by the exercise of the superior tribunal." In support of the proposition are cited *Bannister v. Allen*, 1 Blackf., 414; *Bath Bridge Co. v. Magoun*, 8 Greenl., 292; *Drowne v. Stimpson*, 2 Mass., 441; *Lees v. Childs*, 17 Mass., 351; *Huse v. Grimes*, 2 N. H., 208; *Munro v. Baker*, 6 Cowen, 396; *People v. Supervisors*, 15 Wend., 198; *Farmington R. Co. v. County Commissioners*, 112 Mass., 206; *Keys v. Marin Co.*, 42

Cal., 252; *People v. Andrews*, 52 N. Y., 445. The irregularity was not, we think, sufficient to justify setting aside the establishment of the road.

Some other errors are assigned, based upon alleged irregularities not shown to have resulted in prejudice. They do not, in our opinion, require a separate consideration. Under the rules above enunciated, we should not be justified in reversing. The judgment is

AFFIRMED.