(Hamilton County Court of Insolvency.)

KORB et al. v. MITCHELL et al.

1. The act of April, 1893, for the improvement of Paddock road is not a mandatory act.
2. Sec. 7 of this act violates a constitutional provision in that it is special legislation conferring corporate power, but this section may be rejected and the remainder of the act stand unaffected thereby.
3. The act in question does not deprive the citizen of his property without due process of law.

(Decided August, 1895.)

---

McNEILL, J.

This cause was heard upon a demurrer to the petition filed herein by plaintiff as commissioners of Hamilton county, under the provisions of the act of April 25, 1893, authorizing such comissioners to widen, extend and improve Paddock road from its present southern terminus to the north corporation line of the village of Glendale, in Hamilton county. Local Laws, 1893, page 238.

Two questions were presented in the argument of counsel for defendants, for the consideration of the court, viz:

1.   That the act is a special act, and that by sec. 7 thereof, corporate power is conferred in violation of sec. 1, art. XIII of the constitution.

2.   That this act deprives the citizen of his property without due process of law.

It was claimed in the argument that the act is mandatory, but an examination of the act shows that the commissioners were at liberty to build or not build the road, as in their judgment might seem best.   The

commissioners having exercised their discretion and determined to build the road, some of the provisions of the act as to the work of construction, etc., become mandatory, but the act is not a mandatory act.

The part of the act which is claimed to be in violation of article XII, sec. 1, of the constitution is as follows:

"Sec. 7.    The commissioners of Hamilton county and the board of legislation of any city, or the council of any village owning any part of the lands necessary to be acquired for the purpose of carrying out the provisions of this act, are hereby authorized to dedicate the same free of cost to the county, for the purpose of widening and extending said road."

There can be no question but that this is a special act, nor that the exercise of the power therein specified, by a municipal corporation, would be the exercise of a corporate power.    State v. Cincinnati, 23 Ohio St. 18-35.

In the authorities which I have examined upon the question it is either expressed or implied that the power attempted to be conferred by special legislation must be a new and additional power.    The reason for this rule is apparent, because to confer means to invest with power, and no corporation could be said to be invested, by any act, with a power it already possessed; so that such legislation could have no greater force than to direct such corporation to exercise a power it aleady possessed.

That a municipal corporation has the right to change corporate property from one use to another when necessary, is sustained by very high authority.    Elliott on Streets, page 107; 1 Beach on Public Corporations, sec. 564; Dillon on Municipal Corporations, sec. 89.    Also, see Reynolds v. Commissioners, 5 Ohio, 204; 5 Ohio St. 121; 18 Ohio St. 569; Rev. Stat., sec. 1552.

It is therefore clear, in my judgment, that a municipal corporation has, by its proper authority, a right, in a proper case, to dedicate to public use for street purposes, any property necessary for that purpose held by it, else it would be necessary for it to make itself a party defendant to its own petition for condemnation, and occupy a position antagonistic to itself on the hearing of the case; and therefore, if sec. 7 of the act here in question only provided that the proper authority of any municipal corporation through which the Paddock road passes or enters, might dedicate to public use such property owned by it as might be required for that improvement, there would be no question in my mind as to the validity of sec. 7 of said act here under consideration.    But the provision is that the dedication shall be made to the county, a distinct and independent organization, recognized in law as a quasi corporation with full power to take and hold such property.    No authority has been cited to me, and I know of none wherein it has been declared or held that a municipal corporation is vested by law with such power, and I am therefore constrained to hold that in this respect the power conferred by sec. 7 of said act is new and additional power, and in violation of art. XIII, sec. 1 of the constitution, which provides that "the legislature shall pass no special act conferring corprorate powers."

It is claimed on behalf of the county that, notwithstanding the fact that the part of sec. 7 above referred to may be in violation of art. XIII sec. 1 of the constitution; still the law may stand because the parts are separable, and the part of the act in question may be disregarded without affecting the remainder.    Our Supreme Court has repeatedly affirmed this principle.

Bank v. Hines, 3 Ohio St. 1-34; State v. Frame, 39 Ohio St. 399-11; Railroad v. Commissioners, 31 Ohio St. 338-344.

The part here rejected relates only to the dedication of such property

as may be requried for the road, owned by municipal corporations, through which the road passes. There is nothing to indicate that the legislature would not as readily have passed this act without as with this provision. The commissioners are clothed with as full power to acquire this as any other property needed for the extending and widening of the road. The municipal authorities might, in proper form, dedicate to public use for street purposes, as heretofore shown, and the county commissioners might enter upon and improve as upon any other part of such streets. I therefore hold that the part of sec. 7 herein held to be invalid may be rejected and the remainder of the act stand unaffected thereby.

2. It is further contended that this act deprives the citizen of his property without due process of law, and is therefore void. Sec. 6 of the act provides that one half of the cost of the improvement shall be paid by the county, the remaining one-half to be assessed according to benefits on the lots and lands to the distance of one mile from the improvement; providing further for the appointment of three commissioners by the probate court on application of the county commissioners. The commissioners shall give thirty days' notice of the proposed assessment in two newspsapers of general circulation in the district and county, of the several amounts proposed to be assessed by them upon each and every lot or tract of land, together with the names of the several owners so far as same can be ascertained. All parties interested have the right to appeal before the commissioners at a time and place to be fixed by the said commissioners, and objections may be heard and assessments readjusted, so that a tribunal is provided for the hearing of all grievances arising from the assessment.

Upon a careful examination of the act, I am of opinion that this second objection is not well taken.

The demurrer to the petition is therefore overruled.

Kittredge, Wilby & Simmons, for the Demurrer.

Spiegel, Foraker & Rendigs, for the County.