(22 Misc. Rep. 426.)

## In re LAWTON et al.

(Cattaraugus County Court. January, 1898.)

HIGHWAYS—PRIVATE ROADS—DUTY OF COMMISSIONERS.

Where it appeared, on the hearing of a motion to confirm the report of commissioners to determine the necessity of a proposed highway, that the proposed highway was rather for the benefit of a few persons than that of the public, and that petitioner was entitled to a private road, under Laws 1890, c. 568, § 106 et seq., and section 117, requiring the payment of the damages by the party for whose benefit it is laid out, such commissioners were not authorized to apply the rules of law applicable to the laying out of a public highway.

In the matter of the application of Mary E. Lawton and others to lay out a highway in the town of Ashford. Motion to confirm commissioners' report. Report vacated.

A. J. & J. Knight, for petitioners.

E. A. Scott, for Carl Burns.

A. B. Neff, in pro. per.

J. L. Murphy, in pro. per.

KRUSE, J. The commissioners appointed in this proceeding certify and report that the proposed highway, in their opinion, is necessary and proper, and assess the damages occasioned thereby. They have filed their report to that effect, and the petitioner now moves for its confirmation. This is strenuously opposed on behalf of Carl Burns, one of the landowners through whose lands the proposed highway is located, and also by the supervisor of the town, and by J. L. Murphy, a taxpayer of the town. While the commissioner of highways does not seem to have opposed this proceeding in its inception, he now also asks that the supervisor and Mr. Murphy appear for him and object to a public road. Since the enactment of the highway law in 1890, the procedure for determining the questions for laying out or discontinuing highways and the assessment of damages incident thereto has been substantially changed. Under the former practice, when the owner of the land did not consent, a jury was required first to certify to its necessity. From this an appeal might be taken to the county court, and the same question was again determined by three referees. The damages were then assessed by three commissioners appointed by the court, and, an appeal being taken, the same question was again determined by a jury from another town, so that these questions might be litigated before two juries, three referees, and a commission,—practically four distinct tribunals. By the revision of the highway laws, these questions are now determined in a proceeding before commissioners, subject to a review by the county court, or the judge, if the court is not in session.

The highway law does not seem to point out very clearly the questions which may be passed upon in reviewing the decision of the commissioners, nor the extent or scope of such review, except as it can be inferred from the character of the proceeding, the general language of the statute, and its scope and purpose. In People v. Thayer, 88 Hun, 136, 34 N. Y. Supp. 592, in the late general term of the supreme court, Fifth department, Judge Ward, in writing the opinion of the court, reviews quite fully the statute under consideration, and, in referring to section 89, states that the language "seems broad enough to empower the county court, upon a motion to confirm or vacate, to review all the proceedings in the laying out of the highway after the granting of the order appointing the commissioners, whether those proceedings relate to the merits of the application or otherwise. In other words, the county court can review any question that this court can upon this writ." The writ referred to was a writ of certiorari; the court holding that review by certiorari was not applicable to the proceeding.

While I have great confidence in the judgment of the commissioners who heard the testimony and viewed the premises, and have become familiar with the surroundings, yet I am not satisfied that they may not have committed an error in making their determination. It appears by the testimony returned by the commissioners that Mary Lawton, one of the petitioners, is the owner of 20 acres of land which is entirely cut off from any highway. This was a part of a larger parcel at one time owned by one Canfield, who conveyed the larger part of the premises to Williams, reserving the 20 acres which was afterwards acquired by Mary E. Lawton, the petitioner, she paying therefor the sum of $300. The timber has been taken off of the lot, and the testimony shows that the premises are now worth $300, and will be worth $500 if the proposed road is laid out and opened. It does not appear whether the present owner of the 20 acres has any right of way across the adjoining lands, nor do I consider it very important; for it must be remembered that this proceeding is for the purpose of laying out a highway or public road, and the private interest of the present owner of the 20 acres, as well as that of the two other petitioners, who to some extent will be benefited, and whose farms adjoin a public highway, is merely incidental to the main purpose. I fear that the commissioners in making their determination have placed undue importance upon the necessity of these individuals, and particularly Mary E. Lawton, rather than the necessity arising from the absence of a public highway. I do not mean to intimate that it is not entirely proper that the private interests should be considered, but, as I have already stated, it seems to me that it should be only a mere incident, and that the primary object and purpose of the proceeding should not be lost sight of. Merely because these petitioners would be benefited by this road furnishes no just ground for denying the application. But it should not be made paramount, and, in view of the fact that witnesses testified before the commissioners as to the necessity of the road, which it seems to me is largely a conclusion, and it appearing that this road is to end at this 20-acre lot, and the other facts and circumstances tending to

show that the real issue made before the commissioners was as to the necessities of private owners rather than the public, I am quite impressed with the suggestion that the determination was largely based upon the erroneous belief that it is the duty of a town to afford means of ingress and egress to isolated or inaccessible lands. Such is not the law, and this seems quite evident from the statute under consideration, for it is to be observed that section 106 of the highway law provides for making application for a private road, and the subsequent sections indicate the procedure to be adopted. Section 117 requires the payment of the damages by the party for whose benefit the road is laid out, unless the necessity was occasioned by the alteration or discontinuance of a public highway, and in that case the damages shall be refunded and paid by the town to the applicant. It seems to me that the facts and circumstances, as I have been able to obtain them from the report and testimony returned, would entitle the petitioner to a private road, but I am not satisfied that the commissioners correctly applied the rules of law applicable to the laying out of a public highway. I may entirely misapprehend the situation, but, from the consideration which I have given the matter, I think that there should be a rehearing. At the time when the commissioners were appointed no one appeared in opposition, and it was not expected that any contest would arise over this matter. Since then the controversy has become quite earnest, and, in view of the fact that the questions involved are somewhat of a legal character, I think that some one in the active practice of the law should be appointed upon the commission; otherwise I should deem it unadvisable to make any change in the commission. The report and decision of the commissioners is vacated and set aside, and a rehearing is ordered before commissioners to be appointed.

Report vacated and rehearing ordered before commissioners to be appointed.