(24 Misc. Rep. 150.)
## In re TOWN OF WHITESTOWN.
### (Oneida County Court. June, 1898.)

1. EMINENT DOMAIN—PUBLIC USE.
   To constitute a public use authorizing the exercise of the right of eminent domain, it is not required that the entire community, or even a considerable portion of it, should directly participate in the benefits to be derived from the property taken.

2. HIGHWAYS—NECESSITY.
   When the evidence shows that only the occupants of three farms are to be directly benefited by a proposed highway, it presents a question of fact as to whether it is a public necessity, which is to be decided, not by the court, but by the commissioners appointed to determine the necessity of the proposed highway.

3. SAME—ESTABLISHMENT—APPEAL—REVIEW.
   The decision of the commissioners, appointed to determine the necessity of a proposed highway and to assess the damages caused thereby, on the question of public necessity and the award of damages, cannot be vacated by the court except for manifest error of law, as in the case of the verdict of a jury.

Matter of the application for opening a new highway in the town of Whitestown. Motion by Thomas Kirley to vacate commissioners' decision. Denied.

F. G. Fincke, for the motion.

C. D. Prescott, opposed.

DUNMORE, J. The motion to vacate the decision of the commissioners is based upon two grounds. It is claimed—First, that the proof shows that there is no public necessity for the highway; second, that the damages awarded Kirley are inadequate and unjust.

As to the first ground of the motion it appears from the evidence that H. H. Williams owns a farm of 112 acres, which would adjoin the proposed highway on the westerly side near its northerly end. Immediately west of the Williams farm are the Hooper farm of 112 acres and the Tryon farm of 75 acres, all of which are occupied. No highway touches either the Williams or the Hooper farms, and the occupants have no means of egress to any highway except over the towpath of the Erie Canal or through some other person's private road. The evidence does not show whether the occupants of the Tryon farm have any means of egress or not. Contestant, Kirley, contends that, as only the occupants of the three farms are to be benefited by this proposed highway, it is essentially a private road, and is not a public benefit, and therefore not a public necessity; and consequently, as the law does not permit the property of A. to be taken under the right of eminent domain for the benefit of B., the commissioners exceeded their powers, or, at least, their duties, in deciding in favor of laying out said highway.

The question raised has frequently been the subject of adjudication in the courts of the different states. To constitute a public use, authorizing the exercise of the right of eminent domain, it is not required that the entire community, or even a considerable portion of it, should directly participate in the benefits to be derived from the property taken. Riche v. Water Co., 28 Alb. Law J. 498; O'Reiley v. Draining Co., 32 Ind. 185.

In a broad and comprehensive view, such as has been heretofore taken of the construction of this clause, everything which tends to enlarge the resources, increase the industrial energies, and promote the productive power of any considerable number of the inhabitants of a section of the state, or which leads to the growth of towns, and the creation of new sources for the employment of private capital and labor, indirectly contributes to the general welfare and to the prosperity of the whole community. Talbot v. Hudson, 16 Gray, 425. "The use contemplated is for all alike, and upon the same terms. It is for the public, however few the number of that public may be who are expected to avail themselves of its benefits." O'Reiley v. Draining Co., 32 Ind. 186. The words "public use" mean a use which concerns the whole community, as distinguished from a particular individual or a particular number of individuals. It is not necessary, however, that each and every individual member of society should have the same degree of interest in this use, or be personally or directly affected by it, in order to make it public. Gilmer v. Lime Point, 18

Cal. 251. It is well settled, said the late Judge Talcott, that, in order to constitute a public use, within the meaning of the constitution, it is not necessary that the improvement should directly benefit the people of the whole state, but the direct public benefit contemplated may be confined to a particular community. Gaslight Co. v. Richardson, 63 Barb. 448.

The supreme court of Iowa stated the rule as follows:

"Without a road, or the means of getting a road, to the farm of the citizen, he could not well obey the venire that commands him to attend at the court as a juror, could not well pay his taxes, vote, reach the church, or send his children to school. Hence the state may properly provide for the establishment of a public road or highway to enable every citizen to discharge his duties. The state is not bound to allow its citizens to be walled in, insulated, imprisoned, but may provide them a way of deliverance. And taking so much of A.'s land as may be necessary to establish a public highway, to enable B. to have an outlet to the market, and to put him in communication with his neighbors, with the town, with the church, with the school, etc., is not, in a just sense, although B. be the person primarily and even principally benefited, the taking of A.'s property for the private use of B., but for the general good." Bankhead v. Brown, 25 Iowa, 546.

The supreme court of Ohio recently stated the rule as follows:

"A township road in this state is a public highway, and subject to the use of all persons having occasion to use it; and it may be highly necessary, to enable the person or persons most immediately and directly interested in it, to discharge properly, and without trespassing on their neighbors' premises, many of the public duties enjoined upon them as citizens of the state. In the establishment of such roads, therefore, by the exercise of the right of eminent domain, private property may be made subservient to the public welfare." Ferris v. Bramble, 5 Ohio St. 113.

Roads leading from the main road, which runs through the country to the residences or farms of individuals, are of public concern, and under the control of the government. Taking private property for the purposes of such roads is not a taking for private use. They are open to every one who may have occasion to use them, and are therefore public. Their character as public roads is unaffected by the circumstances that, in view of their situation, they are but little used, and are mainly convenient for the use of a few individuals." Sherman v. Buick, 32 Cal. 255; Masters v. McHolland, 12 Kan. 27; State v. Bishop, 39 N. J. Law, 226. It is not essential to a highway, at common law or under our statute, that it be a thoroughfare. A road may be laid out by the public authority which has no issue at one extremity, and abuts upon private ground. People v. Kingman, 24 N. Y. 559.

The Iowa supreme court recently held that it was proper to lay out a public road which led to the farm of one man consisting of 160 acres. Judge Adams, in writing the opinion, says:

"But, to our mind, the more important consideration is that the public is entitled to the road to reach the plaintiff. He is liable to be summoned as a witness or to sit on a jury. The law cannot hold that it is any citizen's right to render himself inaccessible. This road being the only road between the plaintiff and the public, it may properly, we think, be deemed a public road." Johnson v. Board, 61 Iowa, 91, 15 N. W. 857. Pagels v. Oaks, 64 Iowa, 198, 19 N. W. 905; Lewis, Em. Dom. § 166; Elliott, Roads & S. 141.

It is no objection to the validity of the proceedings of the county court, in laying out a cross road or lane, that it is laid only to land

not occupied as a dwelling place. Paine v. Leicester, 22 Vt. 44. Upon a careful review of the authorities, I am satisfied that the evidence in this case fairly presented a question of fact for the commissioners as to whether the proposed highway was a public necessity. The statute contemplates that that question of fact shall be decided by the commissioners, and not by the court. Kelsey v. King, 32 Barb. 410; Dunham v. Village of Hyde Park, 75 Ill. 374. It has been held that the court can no more reverse the finding of those tribunals than of a jury, in a given case. Paine v. Leicester, 22 Vt. 49; Hartwell v. Armstrong, 19 Barb. 166. In People v. Thayer, 88 Hun. 136, 34 N. Y. Supp. 592, it was held that the county court had power to review every question that the supreme court could, upon a writ of certiorari. This was cited with approval in Re Lawton, 22 Misc. Rep. 426, 50 N. Y. Supp. 408.

The court doubtless has the power to vacate the decision of the commissioners, as it has the power to set aside the verdict of a jury, but the court is not expected to exercise that power arbitrarily or except for manifest error, in either case. This rule applies, not only to the question of public necessity of the highway, but also to the amount of damages awarded. In Re New York, West Shore & Buffalo Ry. Co., 37 Hun, 317, the court said: "The commissioners viewed the premises and had means for making up their judgment not possessed by this court, and which could not be returned to us." The commissioners in this case were selected with special reference to their fitness for the performance of the duties assigned. They are all men of high character and well qualified. They are practical men of good judgment. They have examined the premises in question, and seen the appearance of the witnesses who gave oral testimony. They are to be guided, not only by the testimony, but also by their observation and their own judgment as to the situation and values. It was held in Crouch v. Gutmann, 134 N. Y. 45, 55, 31 N. E. 271, 274, that where by stipulation of the parties a referee was given an opportunity of viewing the premises and making personal inspection of the work, and he availed himself of such opportunity, that his decision could not be set aside as against the evidence. Here it is made the duty of the commissioners by statute to personally view the premises, and why should not their judgment, based upon personal investigation, be as conclusive as that of the referee in the case cited? For the court to arbitrarily set aside their decision either as to the public necessity of the highway or as to the damages awarded, unless some error of law is plainly manifest, would be to usurp the functions which the statute confers upon them, rather than a judicial exercise of its own discretionary power. In re Carpenter, 11 Misc. Rep. 690, 32 N. Y. Supp. 826.

I am therefore of the opinion that the motion to vacate the decision should be denied, and the decision of the commissioners confirmed. Motion denied.