In the Matter of the Application of ADA M. MORSE to Alter a Highway in the Towns of Monroe and Chester.

(County Court, Orange County, September, 1910.)

Highways — Alteration and extension: Proceedings to alter and validity of alteration — Petitioner — Loss of petitioner's interest pending proceeding: Review of decision of commissioners.

>   A proceeding to alter a highway, instituted by the owner of a farm in the town where the highway is located, is not impaired by the applicant's sale of her farm during the pendency of the proceeding and before confirmation of the report of the commissioners, where she released all claim for damages and in her conveyance reserved the lands released, for highway purposes and for the purposes of the proceeding.
>
>   Where the testimony before the commissioners was conflicting upon the question of the necessity of the alteration, the court may not refuse to confirm the report of the commissioners in favor of the alteration of the highway and thus substitute its judgment for the judgment of the commissioners.

THIS matter comes up on a motion on the part of the petitioner to confirm the report of the commissioners heretofore appointed to determine the necessity of a proposed alteration in a highway situate partly in the town of Monroe and partly in the town of Chester, and a motion on the part of the town of Chester to vacate the report of said commissioners.

Kane & Stage, for the motion to confirm.

Bacon & Rorty, for the motion to vacate.

SEEGER, J.  On the 26th day of April, 1909, on the application of Ada M. Morse, an order was made appointing three commissioners to determine as to the necessity of altering a highway in the towns of Monroe and Chester, in the county of Orange, which alteration of said highway crossed the lands of said Ada M. Morse and of Seely

Stevens, James Henry and Courtland Linkroum, and to assess the damages to be caused thereby.

The highway is one located in a corner of the town of Chester, a considerable distance from the village of Chester, the principal village in said town, and leading over a steep and winding hill. The highway runs from the village of Monroe in the town of Monroe to Greenwood lake in the town of Warwick, and the same is not upon any line of travel leading to the village of Chester. No question is raised as to the regularity of the proceedings.

The commissioners determined and certified that, in their opinion, it was necessary and proper that said highway should be altered by discontinuing the present road between certain points and altering the same to run through the said towns of Chester and Monroe, through a valley, instead of over the said winding hill, thereby reducing the grades upon said highway to a five per cent. grade in the steepest part thereof, from a thirteen per cent. grade in the steepest part of the present highway.

The portion of the highway to be discontinued is entirely situated in the town of Chester, and that town is charged with the maintenance thereof; and as proposed to be changed a considerable portion of the new highway will be located in the town of Monroe and the expense of construction and maintenance will be divided between said towns in proportion to the amount of said highway located therein, and it is claimed that in the end the town of Chester will be benefited by the change by the decreased cost of maintenance.

The commissioners have reported land damages against the town of Chester to the amount of $1,455 and against the town of Monroe to the amount of $220.

The expense of the construction of said road is variously estimated at from $3,882.08 to $4,367. Of this expense the town of Chester would be called upon to pay more than one-half — 2,468 feet of the same being located in the town of Chester and 1,787 feet in the town of Monroe.

On the part of the town of Chester, the objection is made to said report upon the ground that no necessity for the change was shown and that no public necessity was shown.

The town also raised the point that the petitioner was without authority to proceed for the confirmation of the report of said commissioners for the reason that the applicant, Ada M. Morse, had sold her farm and is no longer a person assessable for highway taxes in that town; and that, when she ceased to be a person assessable for highway taxes in the town of Chester, she deprived herself of the right to further prosecute this proceeding.

A large number of witnesses were examined on the part of the petitioner, who testified as to the necessity for the proposed alteration and to the effect that public necessity required the change, not only for the purpose of eliminating the steep winding grade upon the old road, but also because in winter time the same was frequently impassable by reason of the drifting snow; and a large number of witnesses were examined on the part of the town of Chester who testified with equal positiveness that there was no necessity for the change, and that the old road was sufficient for all practical purposes, and that, considering the expense attending the change and the fact that the proposed change was of absolutely no benefit to the town of Chester or the inhabitants thereof, there was no public necessity for the change. All the witnesses were gentlemen of standing and reputation in the community.

The commissioners were men of experience, selected by reason of their peculiar fitness to determine the various questions involved in the proceeding. They not only had the benefit of the testimony offered on both sides of the proposition, but also viewed the premises; and the question presented to the court is not only whether the court should interfere with and set aside the report of the commissioners, but whether it has the power so to do, in view of the fact that no legal objection to the proceeding is presented.

It was held in Matter of Carpenter, 11 Misc. Rep. 690–692, on a motion to vacate the award of commissioners assessing damages in a similar proceeding, that the court "Has neither the right nor the power, if it had the inclination, to substitute its own judgment for that of the commissioners. They are by law selected with special refer-

County Court, Orange County, September, 1910. [Vol. 69.

ence to their fitness for the position and the duties they are expected to discharge, and such experience as they have may be brought to their aid in the performance of their office. They are to be guided by their own judgment, as they view the premises and can better estimate the amount of damage sustained than can a court sitting in review of their action. For the court to arbitrarily set aside their award, unless some error of law is plainly manifest, would be to usurp the functions which the statute confers upon them, rather than a judicial exercise of its own discretionary power. This is, and long has been, the well-settled rule governing cases of this class. Matter of Public Parks, 53 Hun, 280; 6 N. Y. Supp. 750; Matter of Staten Island Rapid Transit Co., 47 Hun, 396; Matter of Central Park, 51 Barb. 277; In re Main Street, 25 N. Y. Supp. 267; In re William & Anthony Streets, 19 Wend. 678; In re Pearl Street, Id. 651; In re John & Cherry Streets, Id. 659; In re Harman Street, 16 Johns. 231; In re Furman Street, 17 Wend. 649."

While, in the Carpenter case, the necessity for the proposed alteration of the highway was conceded and the motion was to vacate the award made to the property owners upon the ground that the same was excessive, the same principle applies to this case, where the application is to set aside the report on the ground that there is no necessity for the proposed change. Both propositions are, pursuant to the statute, submitted to the determination of the commissioners; and their decision upon one proposition is as conclusive as upon the other. There is no difference in principle whether the motion is to set aside the report, upon the ground that there was no necessity for the change, or to set aside the award upon the ground that it is excessive.

In People ex rel. Brown v. Jones, 63 N. Y. 306–310, it was held that "the propriety of the alteration is not reviewable." It was also held, in more recent cases, that the decision of the commissioners should not be vacated by the court, except for manifest error of law. Matter of Town of Whitestown, 24 Misc. Rep. 150; Matter of Burdick, 27 id. 298.

Judge Dunmore said, in the Town of Whitestown case, *supra:* " The statute contemplates that that question of fact

shall be decided by the commissioners and not by the court. Kelsey v. King, 32 Barb. 410; Dunham v. Village of Hyde Park, 75 Ill. 374. It has been held that the court can no more reverse the finding of those tribunals than of a jury in a given case. Paine v. Leicester, 22 Vt. 49; Hartwell v. Armstrong, 19 Barb. 166."

While it is a grave question whether the town of Chester should be put to the great expense, occasioned by the acquisition of the right of way for this alteration and by the construction of this remote highway, considering that only a few taxpayers of the town are beneficially affected by the change, and while this court might have found against the proposition upon the evidence, if called upon to determine that question in the first instance, nevertheless, in the light of the decisions of the courts in such cases, it would be manifestly improper for the court to arbitrarily set aside the decision of the commissioners in this case. It cannot be said that the report is not supported by the evidence or that the same is against the weight of the testimony.

We now come to the consideration of the question as to whether the applicant has lost the right to continue this proceeding because of the sale of her farm.

It was shown that the applicant, by an instrument in writing filed with the commission, released all claim for damages to her property, and that in the conveyance of her premises she actually reserved the lands released, for highway purposes and, for the purposes of this proceeding, she is still the owner of the land upon which the altered highway is proposed to be constructed. Therefore, the proceeding is not affected by the conveyance, and the cases cited by the respondent have no application to the facts in this case.

I can find no sufficient legal reason for interfering with the report of the commissioners.

The motion to vacate it is, therefore, denied; and motion to confirm it is granted, with costs.